24 C.C.P.A.(Patents)

### In re GRIFFITH.

Patent Appeal No. 3677

Court of Customs and Patent Appeals.
Nov. 30, 1936.

Arthur A. Olson and Thorley Von Holst, both of Chicago, Ill., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The application here involved is for a design patent on "A Refrigerator Cabinet or the Like." It was rejected by an Examiner in the United States Patent Office whose decision, upon appeal, was affirmed by the Board of Appeals. Appellant thereupon took the instant appeal to this court.

As originally filed, the application was limited in its title to a design for "Compartment Shelving." Both title and text, however, were several times amended following different Patent Office actions, so that in its final form the title reads as has been stated, and the claim reads: "The ornamental design for a refrigerator cabinet or the like, substantially as shown and described."

It is conceded that the shelving in the compartment is the dominant feature of the design, there having been inserted into the final text of the application the following: "The dominant feature of my design is the shelving within the compartment, which shelving comprises intersecting strips or strands extending in nonparallel relation to the sides or edges to form openings of substantially diamond shape as shown. It will be understood that this dominant feature may be employed and embodied in any conventional type of refrigerator cabinet without departing from the spirit and scope of the invention and that it is likewise adapted for embodiment in stove and gas range ovens and the like."

Appellant, or his assignee, on June 5, 1934, secured a mechanical patent (No. 1,961,144) on compartment shelving "to be used for refrigerators, poultry houses, etc., where a perforate plane surface is desired." The application for such patent was filed October 14, 1933. The instant design application was filed February 12, 1934. So, the two applications of appellant were, for a time, copending.

In the Examiner's statement following the appeal to the board, he made reference to appellant's mechanical patent, and listed the following as prior art references: Page C–2584 (Fig. No. 304) Sweet's Architectural Catalog, 1926–1927 Edition, section C; (Des.) Ullin, 47,441, June 8, 1915, 67–3; (Des.) Ullin, 46,707, November 24, 1914, 67–3; (Des.) Bruton, 47,-022, March 2, 1915, 67–3; Dickey, 1,833,-935, December 1, 1931, 67–3 uxr; Clark, 1,259,210, March 12, 1918, 54–2A uxr; Clark, 767,798, August 16, 1904, 54–2A uxr; Collis, 1,189,919, July 4, 1916, 67–3 uxr.

The Board rendered two decisions, there having been a petition for rehearing. In its first decision all the references listed by the Examiner were set out, but of these specific reference was made only to the patents of Dickey and Clark. The decision made reference to appellant's mechanical patent, but did not specifically base rejection upon it, although there was no overruling of what the Examiner said concerning it. In the second decision the Dickey and Clark patents were again discussed, rejection again being based upon them, and the Board also then, for the first time, specifically held that the invention here claimed is not patentably different from the invention claimed in appellant's mechanical patent. Certain of appellant's reasons of appeal are directed to the point that appellant's mechanical patent may not be utilized as a reference against his design application under the facts appearing in the record.

As has been indicated, the dominant feature of appellant's design is the shelving composed of flattened, expanded metal strips, so crossed as to form diamond shaped openings as arranged in a refrigerator "or the Like," the refrigerator itself being of conventional type, such as that shown in the patent to Dickey.

The Board describes the shelving and its arrangement as follows: "The claim is directed to a design for a refrigerator cabinet or the like, substantially as shown and described and as shown, this comprises a conventional refrigerator having shelving therein formed of expanded metal which has been so formed or treated as to make the strands thereof relatively flat. It appears that upon so forming the expanded metal, applicant states that the strips or strands form diamond-shape openings or cavities between them and the strands appear relatively straight. Applicant so illustrates his expanded metal whether or not this would be true of such expanded metal in general."

It may be said that the patent to Dickey, which is directed to mechanical features, not only shows a conventional refrigerator body, but shows a conventional arrangement of the shelves there-

in, which arrangement differs little from that shown by appellant. The differences actually reside not in the location of the shelving, but in the fact that appellant's metal gratings are, in structure, flattened and are laid so as to form diamond-shaped openings, while Dickey's gratings are of round wire or rods and are laid in a manner which results in rectangular openings. The shelvings in both are constructed so that the upper surfaces present plane tops. There is also a difference in the manner in which the respective gratings are attached to the frames forming the respective peripheries, and this element of appellant's device seems to have been recognized as patentable in the mechanical patent. In appearance this difference is not particularly noticeable.

Two Clark patents are cited as references, the one specifically mentioned by the Board being No. 1,259,210, which is for an "Expanded-Metal Frame." It discloses strips of flattened, expanded, metal integrally connected in staggered arrangement, all bent in a common plane and having lugs formed at their ends which are locked into the border. Under the arrangement depicted in Clark's drawings, the openings are somewhat oval in shape. The strips do not cross as in the devices of Dickey and appellant, but are integrally connected at their sides, and the top of the device furnishes a plane surface.

The other Clark patent, No. 767,798, discloses, in one of its drawings, a grill-like structure, made of flattened, expanded metal strips, in which grill the openings are substantially diamond shaped. Here again the strips do not cross, but are integrally connected at their sides. The top surface is a plane.

Briefly, it was held as to the prior art cited by the Examiner that creating the differences in design between Clark's expanded frame and appellant's shelving, and adapting appellant's shelving to use in a refrigerator, such as that of Dickey's, or the like, did not involve invention.

There were filed as evidence in the case a number of letters, photostatic copies of which appear in the printed record before us, addressed to United States Gypsum Company, assignee of appellant's mechanical patent, by various manufacturers of, respectively, refrigerators, stoves, ranges, ovens, etc., in which appellant's shelving design was strongly approved and commended. A typical one of these let-ters is that of the General Electric Company, which states, among other things:

"The diamond shaped meshes of the shelves give the general appearance of a greater . depth and also greatly improve the appearance of the cabinet. We have every reason to believe that this new design is an attractive feature to the prospective purchaser and a great convenience to the user. We feel that the use of these flattened expanded metal shelves in refrigerator cabinets would stimulate sales.

"We believe your development of the flattened expanded metal shelving is a distinct contribution to the electric refrigeration industry and to many other products in which it will undoubtedly be used, such as electric ranges, stoves, cabinets, lockers, etc."

Reference is also made in the statement of the Examiner and in the first decision of the Board of Appeals to affidavits. There are no affidavits in the printed record before us, other than the oath to the application, nor are there any accompanying the record.

The comment of the Board with respect to the letters and affidavits is as follows: "The testimonial letters and affidavits are not regarded as controlling in this relation, since they are not directed to a comparison of Clark with applicant's design but stand merely as abstract judgments as to an expanded metal shelving. It does not appear but that Clark's grating would have attracted similar favorable comment if one of equal finish had been presented to the respective parties."

Careful . consideration has been given to the elaborate arguments made before us on behalf of appellant, both orally and by brief. The illustrations and comparisons of other design patents, in other fields, together with the numerous judicial decisions cited, have been examined, with the result that we are not convinced that error was committed in rejecting appellant's design application as presenting nothing patentable in its modification of Clark's device and the application of the modified structure to a refrigerator or the like.

In the familiar case of Gorham Mfg. Co. v. White, 14 Wall.(81 U.S.) 511, 525, 20 L.Ed. 731, the Supreme Court said of a design patent: "It is the appearance itself, therefore, no matter by what agen-

408

cy caused, that constitutes mainly, if not entirely, the contribution to the public which the law deems worthy of recompense. The appearance may be the result of peculiarity of configuration, or of ornament alone, or of both conjointly, but, in whatever way produced, it is the new thing, or product, which the patent law regards."

In Smith v. Whitman Saddle Company, 148 U.S. 674, 679, 13 S.Ct. 768, 770, 37 L.Ed. 606, the Supreme Court said: *"The exercise of the inventive or originative faculty is required,* and a person cannot be permitted to select an existing form, and simply put it to a new use, any more than he can be permitted to take a patent for the mere double use of a machine. If, however, the selection and adaptation of an existing form is more than the exercise of the imitative faculty, and the result is in effect a new creation, the design may be patentable." (Italics ours.)

This court has uniformly followed the rule so laid down by the Supreme Court as to the requirement for the exercise of the inventive or originative faculty, it having been repeatedly pointed out that the design statute (35 U.S.C.A. § 73) reads, "Any person who has *invented* any new, original, and ornamental design," etc. (Italics ours.) In re Mains, 77 F.(2d) 533, 22 C.C.P.A.(Patents) 1299, and cases therein cited.

It may readily be conceded that appellant's design, looked at alone and without comparison with any prior art, meets the condition described in the quoted paragraph from the Gorham Mfg. Co. v. White Case, supra, but when it is compared with the prior art, as was the saddle design involved in the Smith v. Whitman Saddle Company Case, supra, we fail to find that it required the exercise of the inventive or originative faculty to make the slight modifications in the appearance of Clark's devices shown in appellant's shelving, and, as of course, as to design, it did not require invention to adapt the shelving so modified to refrigerators and the like.

Under the view which we hold as to there being lack of invention over the art, excluding entirely appellant's mechanical patent, it is not necessary that we should here discuss or determine the questions presented in his reason of appeal relating to the Board's decision upon the latter element.

Upon the grounds stated, the decision of the Board of Appeals of the United States Patent Office is affirmed.

Affirmed.